IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CATHLEEN D. SCHWIND, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00534-O-BP |
| § | |
| DR. JOHN FERRIS, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated August 21, 2018 (ECF No. 17), United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management. Before the Court is the Motion to Dismiss for Failure to State a Claim (ECF No. 12) and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 8 (ECF No. 13) filed by Defendant Dr. John Ferris ("Ferris") on August 20, 2018. Plaintiff filed an Amended Complaint (ECF No. 18) on August 21, 2018. By order dated August 22, 2018 (ECF No. 19), the Court ordered Plaintiff to respond to Ferris' Motion to Dismiss (ECF No. 13) on or before September 10, 2018. Apparently in compliance with that Order, Plaintiff filed another Amended Complaint (ECF No. 18) on August 22, 2018. Plaintiff has not otherwise responded to Ferris' Motions to Dismiss (ECF Nos. 12 and 13). Those motions are now ripe for decision.

Because the Court lacks jurisdiction over Plaintiff's claims against Ferris, the undersigned recommends that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 12), **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**, and **DENY** Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 8 (ECF No. 13) as **MOOT**.

**BACKGROUND**

Plaintiff Cathleen D. Schwind ("Schwind"), *pro se*, filed suit against Ferris and Grapevine Internal Medicine, complaining that they destroyed medical records, impeded her workers compensation insurance claim, and did not cooperate with her in gathering necessary medical records for her claim. Schwind named Grapevine Internal Medicine and Ferris jointly as "Defendant" and did not allege that Grapevine Internal Medicine was a legal entity separate from Ferris. The responsive pleadings of Ferris likewise do not name Grapevine Internal Medicine as a separate legal entity. The Court thus construes Schwind's pleadings as asserting a claim against Ferris individually and doing business as Grapevine Internal Medicine. The Court will refer to the single defendant as "Ferris" or "Defendant."

Schwind did not state the basis of jurisdiction in this Court in her Complaint, but in her Civil Cover Sheet, she listed diversity of citizenship and stated that all parties were citizens of Texas or were incorporated or had a principal place of business here. (ECF No. 1-1). And though she did not itemize her alleged damages in the complaint, she listed damages in the amount of $950,000.00 on the Civil Cover Sheet. (*Id.*). In her amended complaints, Schwind appears to claim that the removal and destruction of her medical records without her consent violated the Texas Administrative Code and the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified primarily in Titles 18, 26, and 42 of the United States Code) and constituted an invasion of her privacy. (*See* ECF Nos. 18 and 20).

Ferris moved to dismiss Schwind's complaint under Federal Rules of Civil Procedure 12(b)(6) and 8. In his Motion to Dismiss under Rule 12(b)(6) (ECF No. 12), Ferris asserts that Schwind's complaint should be dismissed because it "clearly demonstrates that plaintiff cannot

prove any set of facts that would entitle it [sic] to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)." (*Id.* at 1). Ferris argues that even if it were true that Schwind's medical records were not properly maintained and were removed from her file, she still has not alleged a claim upon which relief can be granted. (*Id.* at 1-2). In his Motion to Dismiss under Rule 8 (ECF No. 13), Ferris asserts that Schwind's complaint must be dismissed because it does not contain the grounds for jurisdiction (Fed. R. Civ. P. 8(a)(1)), a statement of the claims presented (*Id.* 8(a)(2)), and a request for relief for damages (*Id.* 8(a)(3)). (ECF No. 13 at 1).

As previously noted, Schwind did not directly respond to either of Ferris' motions to dismiss. Instead, she filed "amended complaints" (ECF Nos. 18 and 20). Liberally construed, the last of those complaints could be read to assert that federal question jurisdiction exists in this Court under 28 U.S.C. § 1331 due to her claims that the Defendant's conduct violated HIPAA. (*See* ECF No. 20). Though as previously stated, the only basis of federal jurisdiction listed on Schwind's Civil Cover Sheet was diversity of citizenship. (ECF No. 1-1).

## LEGAL STANDARD AND ANALYSIS

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Complete diversity of citizenship is required such

3

that a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003)(citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action because subject matter jurisdiction is lacking. *Stockman,* 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

For diversity jurisdiction, "the party asserting federal jurisdiction must 'distinctly and affirmatively allege' the citizenship of the parties." *Howery*, 243 F.3d at 919 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)) (brackets removed). "When a *pro se* plaintiff files suit in federal court and does not make a short statement of the grounds for jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1), the Court looks to the facts alleged to determine whether subject matter jurisdiction is appropriate." *Jones v. Gonzales*, No. MO-12-CV-00005, 2013 WL 12130358, at *3 (W.D. Tex. Feb. 28, 2013), *adopted by*, No. MO-12-CV-005, 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013) (citing *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002); *Margin v. Sea-Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987)).

Here, Schwind has failed to allege any basis for federal jurisdiction. Although she asserts that Defendant has violated HIPAA, there is no private right of action for violation of that statute and "therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). Plaintiff's Civil Cover Sheet attached to her Original Complaint indicates that she is invoking diversity of citizenship as the basis for the Court's jurisdiction. (ECF No. 1-1). However, the Court notes that Plaintiff's Civil Cover Sheet also indicates that the parties are all citizens of Texas. (*Id.*). As a result, complete diversity of

citizenship is lacking, and the Court cannot maintain jurisdiction based on diversity. No other arguable basis for federal subject matter jurisdiction exists, and under these circumstances, the Court should dismiss Schwind's Complaint without prejudice. *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 196 (5th Cir. 2016). Because Judge O'Connor should dismiss Schwind's claims for lack of subject matter jurisdiction, he should deny Ferris' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 8 as moot.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 12), **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**, and **DENY** Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 8 (ECF No. 13) as **MOOT**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **December 4**, **2018**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE